JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1283 AG (ANx) | Date | August 22, 2012 |
|---|---|---|---|
| Title | DENNIS KLEMPIN et al. v. WELLS FARGO BANK, N.A., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:**  **[IN CHAMBERS] ORDER GRANTING EX PARTE APPLICATION TO REMAND FOR LACK OF JURISDICTION**

On July 31, 2012, Plaintiffs filed a state court Complaint ("Complaint") against Wells Fargo Bank, N.A. ("Wells Fargo") and NDEX West, LLC ("NDEX") (collectively, "Defendants"). The Complaint only alleges violation of California Civil Code Section 2923.5 and California Business and Professions Code Section 17200.

On August 8, 2012 Wells Fargo timely filed a Notice of Removal ("Notice"). *See* 28 U.S.C. § 1446(b) (allowing 30 days from service of complaint to remove). Plaintiff now files an Ex Parte Application to Remand ("Application").

In the Notice, Wells Fargo claims that removal is proper under 28 U.S.C. § 1332 (diversity jurisdiction). But the Notice does not provide sufficient grounds for federal jurisdiction. The Court GRANTS the Application and REMANDS this case back to state court.

**LEGAL STANDARD**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1283 AG (ANx) | Date | August 22, 2012 |
|---|---|---|---|
| Title | DENNIS KLEMPIN et al. v. WELLS FARGO BANK, N.A., et al. | | |

Removal to federal court is governed by 28 U.S.C. § 1441. Lawsuits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

## ANALYSIS

The Court finds that this matter is appropriate for immediate ex parte relief.

Wells Fargo claims that removal is proper under 28 U.S.C. § 1332 (diversity). Federal courts have jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. Proper jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978)).

Here, Plaintiffs are citizens of California. To establish complete diversity, both Defendants must be citizens of other states. Plaintiffs argue that diversity is lost due to the citizenship of Wells Fargo. This argument may well have merit, but the Court need not address it because diversity is lost through the status of Defendant NDEX.

## 1.      CITIZENSHIP OF NDEX

Plaintiff's Complaint alleges that NDEX does business in California. (Complaint ¶ 2.) But that is not the test for citizenship of a limited liability corporation ("LLC"). Rather, the citizenship of an LLC is determined by the citizenship of its owners/members. *See Johnson v. Columbia Props. Anchorage, LP.*, 437 F.3d 894, 899 (9th Cir. 2006).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1283 AG (ANx) | Date | August 22, 2012 |
|---|---|---|---|
| Title | DENNIS KLEMPIN et al. v. WELLS FARGO BANK, N.A., et al. | | |

To demonstrate that removal is proper here, Wells Fargo provides a Declaration regarding NDEX's citizenship. (Declaration of Renee Jackson "Jackson Decl.") The sole member of NDEX is a limited partnership ("LP") called National Default Exchange Holdings, LP ("NDEX Holdings"). (Jackson Decl. ¶ 2.) The citizenship of an LP is determined by the citizenship of its partners. *Id.* Wells Fargo states that the general partner of NDEX Holdings is a company incorporated in Delaware and headquartered in Texas, called National Default Exchange Management, Inc. ("NDEX Management"). (Jackson Decl. ¶ 2.)

The Declaration is insufficient to determine the citizenship of NDEX. A corporation is a citizen of the state where it is incorporated *and* the state where its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1). While a corporation's principal place of business is usually its headquarters, that is not always the case. *See Hertz Corp. v. Friend*, 559 U.S. __, 130 S. Ct. 1181, 1194 (2010) (location of a corporation's headquarters may be the principal place of business "provided that the headquarters is the actual center of direction, control, and coordination"). This Court has insufficient basis for assuming that they are one and the same here. There may also be issues with other entities' diversity related to NDEX, but they also seem to raise unaddressed *Hertz* issues and need not be reviewed here.

The Court finds that Wells Fargo fails to establish the citizenship of NDEX for diversity purposes.

**2.    STATUS OF NDEX**

Wells Fargo also argues that NDEX's citizenship is irrelevant because it has no real monetary interest in the proceedings. But a trustee only officially attains non-monetary status if 15 days pass without objection after the filing of a declaration of non-monetary status ("Declaration of Non-Monetary Status"). Cal. Civ. Code § 2924*l*(d), *see also Kang v. Bank of Am. Home Loans Servicing, LP*, No. 09-8890 (C.D. Cal. Jan. 5, 2010) (order denying reconsideration). Here, Wells Fargo did not establish that NDEX filed a

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1283 AG (ANx) | Date | August 22, 2012 |
|---|---|---|---|
| Title | DENNIS KLEMPIN et al. v. WELLS FARGO BANK, N.A., et al. | | |

Declaration of Non-Monetary Status in state court, much less that 15 days passed without objection. A Declaration of Non-Monetary Status is not a mere formality that should be overlooked. Rather, it is a way to confirm that the trustee "has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee[.]" Cal. Civ. Code § 2924*l*(a).

Because there is no evidence that NDEX filed a Declaration of Non-Monetary Status without objection, the Court cannot conclude that NDEX attained non-monetary status at the time of removal. Federal diversity jurisdiction must exist "as of the time the complaint is filed and removal is effected." Cal. Civ. Code § 2924*l*(d); *see also Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (diversity is determined by citizenship of parties as of filing of the original complaint); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir.1998) (diversity must exist when action is removed). Thus, this Court will not ignore NDEX's citizenship for removal purposes.

### 3. CONCLUSION

Because the Court cannot determine whether complete diversity existed at the time of removal, Wells Fargo fails to meet its burden to show diversity jurisdiction over this case.

### DISPOSITION

The Notice does not sufficiently establish diversity jurisdiction over this case. The Court GRANTS the Application and REMANDS this case back to state court.

: 0

Initials of Preparer    lmb